BACH
*v.*
SLIDELL.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

## REEVES et al. *v.* SMITH et al.

| 1 | 389 |
| 114 | 503 |

One who lends to an agent money for his private use, and receives from him, as security for its repayment, a pledge of a claim against a third person, known by the lender to belong to his principal, the amount of which he afterwards receives, will be bound to account to the principal for its amount. C. C. 2273, 2279.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. *Rawle*, for the plaintiffs, *C. M. Jones*, for the appellants. The judgment of the court was pronounced by

ROST, J. *J. O. Pierson* being the collecting agent of the plaintiffs, who reside in the city of Philadelphia, borrowed a sum of money from the defendants for his private use, and gave them as collateral security a pledge, by notarial act, on a dividend due to his principals by the bankrupt estate of *Kirkman & Co.*, then in the course of administration in the United States court. The clerk of the court having refused to pay the dividend to the defendants, under the pledge from *Pierson* to them, the act of pledge was cancelled, *pro formâ*. *Pierson* receipted for the dividend as agent of the plaintiffs, and immediately after paid over to the defendants, out of it, the sum he had borrowed. *Pierson* having failed to account to the plaintiffs for the dividend, they instituted this action to recover the amount thus received by the defendants. The court of the first instance gave judgment in their favor, and the defendants appealed. There is no error in the judgment. At the time *Pierson* applied for the loan, he stated to the defendants that he stood in need of that amount to redeem the steamboat Augusta; that he intended to run that steamer for the benefit of the plaintiffs, and would sell her, if he could get her real value, and apply the proceeds to the payment of his debt to them. The plaintiffs were not apprised of this transaction at the time it took place, nor is it satisfactorily shown that it was brought to their knowledge afterwards, at such a time and in such a manner as would justify the belief that they gave their assent to it. They received no part of the profits made by the steamer, and it was subsequently sold as the property of *Pierson*, to pay its own debts.

The act of a party in taking as security for a loan of money made to an agent for his private use, a pledge of a claim against a third person, known by the lender to belong to the principal of that agent, forms a quasi-contract, and the party so lending is bound to account to the principal for the claim or its proceeds, as the agent himself would have been, if the pledge had not been given. Civil Code, arts. 2273, 2279.                                    *Judgment affirmed.*